Bergan, J. (dissenting).
Although the literal use of the terms “ lease ” or “ license ” is not fully conclusive on the court in determining the nature of an instrument, if a public officer, who has the express power to grant a license or franchise for property of which he has jurisdiction, gives what he describes in plain words to be a license, it ought to be accepted on its face that this is what he has done unless it becomes clearly evident that he has done something else.
*39 We ought not reach out to construe language to find a ground to frustrate the -city officer in performing a routine and normal function which he regards as beneficial to the public. Here the city’s argument that the instrument is not a lease but a license is at least as strong as the argument the other way; and, if we say that, the usual presumption in favor of the validity of public acts would operate to sustain the Commissioner’s action. The plaintiffs, as taxpayers, have a clear burden to establish illegality of the license.
Historically, and in legal concept, a lease is an estate in land. For the time of its duration the lessee possesses a dominant right in the land. The grant in the instrument before us is certainly less than this. No estate in realty has been created. The licensee must know when he reads the pertinent statute, as well as the court must know when it comes to construe the instrument, that the land itself is “ inalienable ” (New York City Charter, § 383) and hence the Commissioner could grant, and the licensee take, no interest in the real property itself.
The instrument provides for construction of buildings and facilities on the land but, when they are installed, the “ Title * * * shall vest in the City ’ ’, and throughout the entire use of the facilities, beginning to end, the city would own them. The provision for termination strongly suggests a license rather than a lease. The agreement runs for 20 years “ unless Commissioner by five (5) days notice in writing shall terminate the license when, in his sole judgment, he deems * * * that the licensed premises are required for a paramount park or other purpose ”. There are minute and detailed controls by the Commissioner over the licensee’s operations. It would seem rather clear that no estate in real property was attempted to be granted by an instrument thus conditioned.
The decision in Williams v. Hylan (223 App. Div. 48, affd. without opn. sub nom. Williams v. City of New York, 248 N. Y. 616) is distinguishable. A very substantial part of the rationale of that decision in the Appellate Division was devoted to the questionable conditions under which the license was given of city property at Battery Park and the court concluded in what seems decisive of its view that the license “ was not given for a public purpose or a public use ” (223 App. Div., p. 55), and the right of the city to terminate was substantially different in *40 that case in which the agreement could be terminated only by a six months ’ notice with no immediate right to use the premises for a different park purpose.
The order should be reversed.
Judges Dye, Van Voorhis and Burke concur with Chief Judge Desmond ; Judge Bergan dissents in an opinion in which Judges Fuld and Scileppi concur.
Order affirmed.